HEATHER E. WILLIAMS, CA Bar #122664
Federal Defender
LISA N. LUMEYA, DC Bar #90017392
Assistant Federal Defender
Office of the Federal Defender
2300 Tulare Street, Suite 330
Fresno, CA  93721-2226
Telephone: (559) 487-5561
Fax: (559) 487-5950

Attorneys for Defendant
CLARENCE ROBINSON

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:22-cr-00009-DAD |
| Plaintiff, | *UNOPPOSED* MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE; ORDER |
| vs. | |
| CLARENCE ROBINSON, | Hon. Dale A. Drozd |
| Defendant. | |

Clarence Robinson hereby moves this Court for an order terminating supervised release at this time.  Undersigned counsel has conferred with Mr. Robinson's assigned United States Probation Officer, Chris Frausto, as well as counsel for the government, Assistant United States Attorney Arelis Clemente, and neither probation nor the government is opposed to this request.

Title 18, United States Code, Section 3583(e)(1) grants this Court the power to terminate a term of supervised release at any time after the expiration of one year, pursuant to the provisions of Federal Rule of Criminal Procedure Rule 32.1(c) [1], provided the Court is satisfied that such action is warranted by the conduct of the defendant and in the interests of justice. *See* 18 U.S.C. §

---

[1] Federal Rule of Criminal Procedure 32.1(c)(1) generally requires "a hearing, at which the person has the right to counsel and an opportunity to make a statement and present any information in mitigation."  However, no hearing is required if the defendant waives the hearing. Fed. R. Crim. P. 32.1(c)(2)(A).  Nor is a hearing required if the relief is favorable to the defendant and the government does not object. Fed. R. Crim. P. 32.1(c)(2)(A) and(B).  Under both provisions, no hearing is required here.

3583(e)(1); *see also United States v. Ponce*, 22 F.4th 1045 (9th Cir. 2022) (clarifying that early termination of supervised release is not just reserved for rare cases involving exceptionally good behavior).

On December 16, 2021, Chief Judge Robert F. Rossiter, Jr., a United States District Judge for the District of Nebraska, resentenced Mr. Robinson from a term of life imprisonment to time served (over 26 years) and 8 years of supervised release pursuant to the First Step Act. In addressing the underlying conviction for conspiracy to distribute and possess with intent to distribute crack cocaine in violation of 21 U.S.C. §§ 841(a)(1), 846, the Court noted how "the sentencing judge was 'disturbed' by his lack of discretion" at the time of sentencing as he found "the sentence was unjust[.]" *United States v. Robinson*, No. 8:95-cr-79, 2021 WL 5958356, at *1-2 (D. Neb. Dec. 16, 2021) ("At the time of sentencing, the sentencing judge felt Robinson was being punished too harshly for his limited involvement."). The resentencing judge shared this position and highlighted that "none of Robinson's co-conspirators received more than 120 months imprisonment, even though they played much larger roles in the conspiracy." *Id.*

To be sure, the unjust nature of Mr. Robinson's initial sentence was further confirmed in the years to follow. When enacting Section 2 of the Fair Sentencing Act of 2010, Congress set out to reduce the sentencing disparities between offenses involving crack cocaine and offenses involving powder cocaine. *See United States v. Robinson*, 9 F.4th 954, 957 (8th Cir. 2021). This legislation "reflected a recognition that the tremendous disparities in punishment of powder-cocaine and crack-cocaine offenses disparately impacted African Americans[]"—like Mr. Robinson. *United States v. Shaw*, 957 F.3d 734, 737 (7th Cir. 2020). In making certain sections of the Fair Sentencing Act retroactive, Congress then enacted the 2018 First Step Act, Pub. L. No. 115-391, § 404(b), 132 Stat. 5194.

The district court resentenced Mr. Robinson on December 16, 2021, and this Court accepted jurisdiction of the case from the District of Nebraska on January 7, 2022. ECF No. 2. As the date of this filing, Mr. Robinson has been on supervised release for approximately 4 years and 4 months—over 50% of the initially imposed 8-year term.

//

Robinson - Unopposed Motion for Early
Termination of Supervised Release

In the last 52 months that Mr. Robinson has been on supervised release, no petitions for violations of supervised release have been filed.  Indeed, during this time, Mr. Robinson has positively adjusted to living in the community and performed remarkably well.  Not only has he continuously maintained a stable residence, but he also provides support for his elderly mother.  Mr. Robinson has also excelled in supporting himself through steady employment.  Since his release, he has obtained a commercial driver's license with TSA clearance to transport hazardous materials.  In working full-time with Cox Petroleum, Mr. Robinson is looking to further his career and obtain additional employment opportunities through longer distance travel.  He seeks early termination, in part, to allow him to pursue these opportunities which would help facilitate continued professional development and the ability to better support himself.

On March 23, 2026, Mr. Robinson's Probation Officer, Chris Frausto, indicated his position via email that continued supervision is no longer needed to mitigate risk given Mr. Robinson's positive adjustment and sustained compliance.  On April 13, 2026, Assistant United States Attorney Arelis Clemente confirmed via email that the government does not oppose Mr. Robinson's request for early termination of supervised release.

Based on the foregoing, the defense submits that early termination of supervised release is warranted based on the conduct of Mr. Robinson and is in the interests of justice.  *See* 18 U.S.C. § 3583(e)(1).

Respectfully submitted,

HEATHER E. WILLIAMS
Federal Defender

Date: April 17, 2026

*/s/ Lisa N. Lumeya*
LISA NDEMBU LUMEYA
Assistant Federal Defender
Attorney for Defendant
CLARENCE ROBINSON

Robinson - Unopposed Motion for Early
Termination of Supervised Release

**O R D E R**

The motion for early termination of supervised release is GRANTED.  Pursuant to 18 U.S.C. § 3583(e), the Court hereby terminates Defendant Clarence Robinson's term of supervised release, effective immediately.

IT IS SO ORDERED.

Dated:   **April 17, 2026**

_____
DALE A. DROZD
UNITED STATES DISTRICT JUDGE

Robinson - Unopposed Motion for Early
Termination of Supervised Release